**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAYMOND JONES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 09 C 1148 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Raymond Jones' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] For the following reasons, the Court denies Jones' Section 2255 motion.

## BACKGROUND

On December 14, 2005, a grand jury indicted Jones for using unauthorized access devices, namely, stolen credit card information in violation of 18 U.S.C. § 1029(a)(2) (Count I); possessing fifteen or more unauthorized access devices, namely, unauthorized credit card account numbers in violation of 18 U.S.C. § 1029(a)(3) (Count II); knowingly, and with intent to defraud, possessing access device making equipment in violation of 18 U.S.C. § 1029(a)(4) (Count III); and knowingly possessing a counterfeit security of an organization in violation of 18 U.S.C. § 513(a) (Count IV). Jones entered a plea of not guilty on January 24, 2006. On June 20, 2007, Jones pleaded guilty to all four counts of the Indictment without a written plea agreement

---

[1] On May 4, 2009, the Executive Committee for the Northern District of Illinois reassigned this case to this Court. (R. 7-1.)

with the government.

At his change of plea hearing, the court advised Jones of the maximum statutory terms of imprisonment for the charges to which he was pleading guilty. (R. 13-2, Change Plea Tr., at 6.) In response to the court's inquiries, Jones, who was under oath, acknowledged that he understood that the sentencing guidelines, although advisory, would guide the court's sentencing determination. (*Id.* at 6-7.) Meanwhile, the parties informed the court that they did not agree on the applicable sentencing guidelines. Specifically, based on its preliminary calculations, the government estimated that Jones would qualify for an offense level of 26, and, as a Category I offender, the advisory guideline range would be 63 to 78 months' imprisonment. (*Id*. at 7-10.) On the other hand, Jones' counsel calculated his client's offense level to be 24 with an advisory guideline range of 51 to 63 months' imprisonment. (*Id.* at 8-10.) The court then explained to Jones that at the sentencing hearing the court would determine the proper offense level applicable to Jones' guideline range. (*Id.* at 10.) The court further advised Jones that "if it turns out that we're wrong in terms of the initial calculations and the calculations are either higher or lower than you presently believe them to be, then I am going to have to act on that higher or lower calculation, not the ones that we are talking about right now." (*Id*.) Jones expressly acknowledged that he understood that the court would make the final decision regarding his sentence. (*Id*.)

Also at the change of plea hearing and in response to the court's additional inquiries, Jones stated that he was voluntarily pleading guilty and that his decision to plead guilty was not the result of any threat or promise. (*Id*. at 15.) The court then accepted Jones' guilty plea. (*Id*. at 20.)

Prior to Jones' sentencing hearing, the probation office filed a Presentence Investigation Report ("PSR") calculating Jones' offense level as 19 and a criminal history category of I, with a corresponding advisory guideline range of 30 to 37 months' imprisonment. Jones' counsel then filed a sentencing memorandum in which he contested the probation officer's calculations and further advocated that the court, guided by Title 18, United States Code, Section 3553(a), impose a sentence of probation. (05 CR 1018, R. 54-1, Sent. Mem., at 2-4.)

At Jones' sentencing hearing on March 6, 2008, his trial counsel asked the court to impose a sentence below the advisory guideline range, namely, probation. (R. 13-3, Sent Tr. at 17.) Specifically, defense counsel argued that his client acted as a mere middleman, was repentant for his conduct, and that Jones had the potential to better himself. (*Id.* at 17-20.) During his allocution to the court, Jones apologized for his conduct and explained that he would lose business and educational opportunities if he were incarcerated. (*Id.* at 21-23.)

The court imposed a sentence at low end of the applicable guideline range – 30 months' imprisonment. (*Id*. at 26.) The court explained:

> Mr. Jones, you obviously are in some respects very bright, and in some respects, to use your phrase, dumb and young. Given the history of this kind of a case, people who get involved in frauds, at some point they have to go one way or the other, and they either get out of it and say: I'm not going to play those games anymore. I'm going to play it straight and play by the rules. Or they're stuck with it for life, and they just end up spending more and more of their time in prison one fraud after another.
> . . .
> I have been a judge now for 29 years, and once in awhile you get somebody who is a defendant that just getting them to do what they're supposed to do is very difficult. And you are certainly one of those few where it's just been a continual battle to get you to do what should have just automatically happened when you got in trouble.
> . . .
> And you've really got to ask yourself: What direction do I want to go? And 30 months, I agree, is a jolt. But it's a jolt, it seems to me, that, given your history, you

3

really need.  If you weren't as young as you are, and you didn't have as many opportunities to change as you do, it would be higher than that, because that's the bottom of the guideline range.

So what I'm saying to you, Mr. Jones, is you've got to look at yourself honestly and not blame somebody else, not put off on somebody else, and say to yourself:  I'm the person responsible for my own actions.  Whatever happens to me as a result of my own actions, I'm responsible for it, and it's not going to happen again.  And that's the way you've got to go.

(*Id*. at 26-28.)

After sentencing, Jones filed a timely notice of appeal on March 7, 2008.  On November 6, 2008, Jones' appellate counsel – finding no non-frivolous arguments to appeal – filed a Brief in Support of a Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d (1967).  Jones did not respond to counsel's *Anders* brief.  *See* Cir.R. 51(b).  On February 27, 2009, the Court of Appeals for the Seventh Circuit granted appellate counsel's *Anders* motion and dismissed Jones' appeal.  *See United States v. Jones,* 314 Fed.Appx. 876, 2009 WL 605911 (7th Cir. 2009).  On February 23, 2009, Jones filed the present motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## LEGAL STANDARD

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process."  *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).  Also, "[r]elief under § 2255 is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack.*"  Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255); *see also Hays v. United States,* 397

4

F.3d 564, 566-67 (7th Cir. 2005). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted). Accordingly, if a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Fuller v. United States,* 398 F.3d 644, 648 (7th Cir. 2005), that enforcing the procedural default would lead to a "fundamental miscarriage of justice," *see Anderson v. Benik,* 471 F.3d 811, 815 (7th Cir. 2006), or a change of circumstances involving facts or law. *See Varela,* 481 F.3d at 935-36. Because claims of constitutionally ineffective assistance of counsel usually involve evidence outside the record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Torzala,* 545 F.3d at 524.

## ANALYSIS

Construing Jones' pro se Section 2255 motion liberally, *see Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009), he brings the following claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) that he was intoxicated at his sentencing hearing which "partially impaired" his performance.

**I.      Ineffective Assistance of Counsel**

    **A.      Trial Counsel**

Jones first argues that his trial counsel was constitutionally ineffective in violation of the Sixth Amendment to the United States Constitution. To establish constitutionally ineffective

5

assistance of counsel, Jones must show that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If Jones fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant ...."); *see also United States v. Taylor,* 569 F.3d 742, 748 (7th Cir. 2009 ("Courts may deny ineffective assistance of counsel claims for lack of prejudice without ever considering the question of counsel's actual performance."). "[B]ecause counsel is presumed effective, a defendant bears a heavy burden in challenging his attorney's effectiveness." *United States v. Hatten-Lubick,* 525 F.3d 575, 579 (7th Cir. 2008); *see also United States v. Recendiz,* 557 F.3d 511, 531 (7th Cir. 2009) (there is a "strong presumption that the attorney performed effectively").

### 1. Trial Counsel's Alleged Assurances

First, Jones argues that "[m]y attorney assured me both before and at sentencing that I would get no more than nine months in prison, due to a plea of guilty." (R. 1-2, Section 2255 Mot., at 5.) Jones also maintains that he was "persuaded" to plead guilty to all four counts of the Indictment. Construing Jones' claim liberally, he is arguing that he based his decision to plead guilty on counsel's assurances that he would only be sentenced to nine months' imprisonment.[2]

---

[2] Under his ineffective assistance of trial counsel claim, Jones also states that he pleaded guilty "while intoxicated," although he assured the court that he had not used any alcohol, narcotics, or medicines within twenty-four hours of the change of plea hearing. (*See* Change of Plea Tr., at 3.) Meanwhile, Jones does not argue that he was mentally incompetent when he entered his guilty plea nor does he develop any arguments as to this claim, namely, that his

6

In the context of a guilty plea, the United States Supreme Court has articulated that "a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received was constitutionally ineffective." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quotations omitted). In this context, under the prejudice prong of the *Strickland* standard, Jones must show "that there is a reasonable probability that, but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716-17 (7th Cir. 2006) (citing *Hill,* 474 U.S. at 57-59). A defendant's mere allegation that he would have insisted on going to trial is insufficient to establish the *Strickland* prejudice prong. *See Julian v. Bartley,* 495 F.3d 487, 499 (7th Cir. 2007).

Jones' claim that he relied on counsel's promise that he would only serve nine months in prison is belied by his own testimony at his change of plea hearing. Specifically, the court unequivocally explained to Jones that it was the court's decision – not the government's or defense counsel's – to determine what the appropriate sentencing guidelines would be in this matter. (Change of Plea Tr., at 6-7.) In addition, the court informed Jones of the maximum punishment under the statutes to which he pleaded guilty – a punishment much higher than nine months in prison. The court further explained to Jones that after listening to the government's and defense counsel's arguments, the court would "have to make the determination as to what I conclude is the appropriate offense level and the appropriate criminal history category." (*Id.* at

---

mental facilities were so impaired by alcohol at the time of his guilty plea that he was incapable of fully understanding the charges against him, as well as his constitutional rights and the consequences of his guilty plea. *See United States v. King,* 506 F.3d 532, 534 (7th Cir. 2007) (per curiam); *United States v. Fuller,* 15 F.3d 646, 650 (7th Cir. 1994). Accordingly, any such claim fails.

9-10.) The court further clarified to Jones that "I am going to have to fashion what I believe is the reasonable sentence." (*Id.* at 10.) Even under the guideline calculations anticipated by Jones' counsel at the time of Jones' guilty plea, he faced a low end of 51 months. The court also instructed that "if it turns out that we're wrong in terms of the initial calculations and the calculations are either higher or lower than you presently believe them to be, then I am going to have to act on that higher or lower calculation, not the ones that we are talking about right now." (*Id.*) The court asked Jones if he understood that the court would decide his sentence to which Jones answered "yes." (*Id.*) The court also asked Jones, whether "there [had] been any threats or promises or representations made to you to cause you – to induce you to plead guilty," after which Jones answered, "no." (*Id.* at 15.) In short, Jones' own admissions undermine the factual basis of his ineffective assistance of counsel claim.

Nevertheless, assuming, *arguendo,* that defense counsel persuaded or promised Jones that his sentence would be only nine months and Jones relied on this advice, Jones has failed to establish the *Strickland* prejudice prong. *See Bethel,* 458 F.3d at 716-17. For the first time in his response to the government's response brief (hereinafter "reply"), Jones argues that but for his counsel's advice about sentencing he would not have taken the plea. (*See* R. 14-1, Pet.'s Resp., at 2, 5.) Jones, however, did not sign his reply brief under penalty of perjury nor does he attach an affidavit stating that he would not have pleaded guilty but for his counsel's advice. *See Kafo v. United States,* 467 F.3d 1063, 1068 (7th Cir. 2006). As such, Jones has failed to provide "some evidence beyond conclusory or speculative allegations" to support his claim. *See id.* Indeed, as the Seventh Circuit has repeatedly cautioned, "a mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." *Barker v. United*

*States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *United States v. Arvanitis,* 902 F.2d 489, 494 (7th Cir. 1990)); *see also Julian,* 495 F.3d at 499; *United States v. Fudge,* 325 F.3d 910, 924 (7th Cir. 2003).

Finally, if any prejudice did occur as a result of defense counsel's sentencing estimations it was cured by the court's admonishments at the change of plea hearing and Jones' acknowledgment that the sentencing court would ultimately determine his sentence. *See Jacobson v. United States,* 258 Fed.Appx. 45, 49, 2007 WL 4455783, at *4 (7th Cir. 2007) (court's explanation of sentencing consequences cured any misstatement made by counsel); *see also Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (any misunderstanding of consequences of guilty plea cured at change of plea hearing). Because Jones has failed to establish the prejudice prong of this ineffective assistance of trial counsel claim, it fails. *See Taylor,* 569 F.3d at 748.

### 2. Preparation for Sentencing

Next, Jones maintains that "[m]y attorney was not properly prepared for sentencing and as a result, lacked information pertaining to the case and [18 U.S.C. §] 3553(a) factors." Jones' allegations of his counsel's deficient performance are not supported by the record. In particular, the record reveals that Jones' counsel filed a detailed sentencing memorandum contesting the PSR and advocating that the court, guided by Title 18, United States Code, Section 3553(a), impose a sentence of probation. (05 CR 1018, R. 54-1, Sent. Mem., at 2-4.) At Jones' sentencing hearing, trial counsel argued that Jones was the middleman and accepted responsibility for his actions. (Sent. Tr., at 17.) Counsel also argued that the sentencing court should consider that the offenses were non-violent, as well as the conditions of Jones' childhood

9

and background. (*Id*. at 18-20.) Counsel then requested that the court sentence Jones to probation.

Based on these facts, defense counsel's performance was not deficient. Counsel was prepared for sentencing and rigorously argued that Jones should be sentenced to probation. Thus, based on the record, Jones cannot establish that his trial counsel's performance was deficient because defense counsel's performance, namely, his well-made sentencing arguments, was not objectively unreasonable under prevailing professional norms. *See Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009). Because Jones cannot establish the *Strickland* performance prong, the Court need not address the *Strickland* prejudice prong as to this claim. *See Bynum v. Lemmon,* 560 F.3d 678 (7th Cir. 2009) (defendant must show both prongs of *Strickland* test). Thus, Jones' ineffective assistance of counsel claim based on counsel's sentencing preparation fails.

### B. Appellate Counsel

Jones also brings ineffective assistance of appellate counsel claims. As with ineffective assistance of trial counsel claims, courts apply the two-prong test set forth in *Strickland* to evaluate the effectiveness of appellate counsel. *See Suggs v. United States,* 513 F.3d 675, 678 (7th Cir. 2008). Under the *Strickland* performance prong, an appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is obvious and clearly stronger than the claims counsel raised on appeal. *See id.*; *Sanders v. Cotton,* 398 F.3d 572, 585 (7th Cir. 2005).

### 1. Failure to Raise Certain Claims on Appeal

Jones argues that his appellate counsel was constitutionally ineffective for failing to raise the argument that his trial counsel was constitutionally ineffective in violation of the Sixth Amendment. As discussed in detail above, Jones' arguments that trial counsel was ineffective do not have merit, and it is well-established that appellate attorneys do not have to present losing arguments to provide constitutionally effective assistance of counsel. *See Whitehead v. Cowan,* 263 F.3d 708, 731 (7th Cir. 2001); *see also United States v. Knox,* 287 F.3d 667 (7th Cir. 2002) ("Good advocates do not raise every non-frivolous legal issue"). Therefore, Jones' first argument fails.

### 2. Conflict of Interest

Next, Jones argues that his appellate counsel had a conflict of interest because she had a personal friendship with his initial trial attorney. A defendant may establish that he was denied effective assistance of counsel based on an attorney's conflict of interest two ways: (1) under the *Strickland* standard; or (2) by showing that an actual conflict of interest adversely affected counsel's performance pursuant to *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). *See Gonzales v. Mize,* 565 F.3d 373, 381 (7th Cir. 2009); *Hall v. United States,* 371 F.3d 969, 973 (7th Cir. 2004). Under the *Sullivan* standard, Jones must show an actual conflict of interest, whereas under *Strickland*, Jones need only show that there is a potential conflict of interest. *See Sullivan,* 446 U.S. at 348; *Hall,* 371 F.3d at 973. An actual conflict exists if defense counsel is faced with a choice between advancing her own interests over her client's interests. *See Hall,* 371 F.3d at 973. The *Sullivan* and *Strickland* standards also differ because, under *Sullivan*, prejudice is presumed. *See id.*; *see also Gonzales,* 565 F.3d at 381.

Here, Jones has not established that his appellate counsel had an actual conflict of interest as required by *Sullivan* based on his appellate counsel's friendship with his first attorney. This is not the situation envisioned by *Sullivan* where dual representation of co-defendants leads to an actual conflict of interest. *See Sullivan,* 446 U.S. at 348; *Gonzales,* 565 F.3d at 381-82. Instead, Jones argues that because his first attorney and his appellate attorney are friends, there is a conflict of interest – yet – he fails to argue or demonstrate that his appellate counsel advanced her own interests over his. *See Hall,* 371 F.3d at 973; *see also United States v. Holman,* 314 F.3d 837, 845 (7th Cir. 2002) ("An actual conflict exists if an attorney is torn between two different interests."). Indeed, the mere possibility of a conflict of interest is insufficient to establish a violation of Sixth Amendment under the *Sullivan* standard. *See Huynh v. Brown,* 374 F.3d 546, 548 (7th Cir. 2004). Moreover, Jones has not demonstrated that the alleged conflict of interest had an adverse impact on his representation, which is also required under the *Sullivan* standard. *See United States v. Wallace,* 276 F.3d 360, 367 (7th Cir. 2002); *Stoia v. United States,* 22 F.3d 766, 772 (7th Cir. 1994). Jones has therefore failed to establish his ineffective assistance of appellate counsel claim under *Sullivan*.

In addition, Jones has not established his conflict of interest claim under the *Strickland* standard. Specifically, unlike *Sullivan*, Jones must establish that a potential conflict of interest prejudiced his defense. *See Hall*, 371 F.3d at 973; *see also Gonzales,* 565 F.3d at 378 (petitioner must show that but for the ineffective assistance, the result of the proceedings would have been different). Here, Jones has not argued or established that any potential conflict of interest prejudiced him. Without more, Jones' conflict of interest claim fails under *Strickland*.

## II. Intoxication at Sentencing

Jones also maintains that because he was intoxicated at his sentencing hearing, his performance was "partially impaired." Jones never raised this argument to the trial court or on direct appeal, and thus this claim is procedurally defaulted. *See Varela,* 481 F.3d at 935. Because Jones procedurally defaulted this claim, the Court cannot collaterally review it unless Jones can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Fuller,* 398 F.3d at 648, that enforcing the procedural default would lead to a "fundamental miscarriage of justice," *see Anderson,* 471 F.3d at 815, or that there has been a change in facts or law. *See Varela,* 481 F.3d at 935-36. Jones makes no such arguments to overcome the procedural default of this claim.

Even if Jones' claim based on his intoxication at sentencing were not procedurally defaulted, it fails on the merits. First, Jones' argument that he was "partially impaired" at sentencing – standing alone – does not implicate any violation of the Constitution or laws of the United States as required under Section 2255. *See Torzala*, 545 F.3d at 521. Second, although Jones does not argue that he was mentally incompetent at the time of his sentencing, any such constitutional claim would also fail. *See Drope v. Missouri,* 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) (incompetency to stand trial implicates due process rights); *United States v. Berry,* 565 F.3d 385, 389 (7th Cir. 2009) ("Competency to stand trial requires the ability to understand the nature of the proceedings, to consult with counsel, and to assist counsel in preparing a defense.").

At his sentencing hearing, Jones gave coherent responses to the court's questions and gave an articulate sentencing allocution in which he explained his legitimate business

13

opportunities, his cooperation in this matter, and his role in the offenses. He also apologized for his actions. (Sent. Tr. at 21-23, 25-26.) Jones' responses and allocution, as well as his trial counsel's statements at sentencing, reflect Jones' understanding of the nature of the proceedings, that he consulted with his attorney, and that he assisted in his defense. *See United States v. King,* 506 F.3d 532, 534-35 (7th Cir. 2007); *United States v. Teague,* 956 F.2d 1427, 1432 (7th Cir. 1992); *Chichakly v. United States*, 926 F.2d 624, 633-34 (7th Cir. 1991). As such, Jones has no factual basis for a due process claim based on his mental incompetency at sentencing, and thus his last Section 2255 claim fails.

### III.    Jones' Reply Brief

On a final note, Jones made additional arguments for the first time in his reply brief that are waived. *See Gonzales,* 565 F.3d at 382 (even when litigant is pro se, arguments made for the first time in reply brief are waived); *Porco v. Trustees of Ind. Univ.,* 453 F.3d 390, 395 (7th Cir. 2006) (same). These arguments include: (1) the court did not properly advise him about his right to plead not guilty under Federal Rule of Criminal Procedure 11(b)(1)(B); (2) defense counsel did not adequately consult him or investigate this matter, including counsel's failure to review a traffic warrant; (3) the prosecutor did not provide the court with proof of the actual loss under the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(d); and (4) the sentencing court wrongly presumed Jones' sentence was reasonable. Not only are these arguments waived, but Jones failed to bring the last three claims on appeal, and thus these three claims are also procedurally defaulted. *See Varela,* 481 F.3d at 935-36. Jones offers no explanation to overcome the procedural default although he does argue in his reply brief that appellate counsel's failure to assert these claims on direct appeal constitutes ineffective assistance of

counsel. *See Smith v. Gaetz,* 565 F.3d 346, 352 (7th Cir. 2009) (attorney error constituting ineffective assistance of counsel is cause to overcome procedural default). Jones, however, cannot establish that he was prejudiced by counsel's failure to bring these new claims because after his appellate counsel filed an *Anders* brief, Jones had the opportunity to bring these additional claims himself pursuant to Circuit Rule 51(b), yet he failed to do so. *See Fuller,* 398 F.3d at 648 (petitioners need both cause and prejudice to overcome procedural default). In addition, the Seventh Circuit concluded that appellate counsel's brief was facially adequate. *See Jones,* 314 Fed.Appx. 876, 2009 WL 605 605911, at *1. Nonetheless, despite Jones' waiver and procedural default of these claims, the Court addresses Jones' newly made arguments for the sake of completeness.

Appellate counsel brought Jones' Rule 11(b)(1)(B) argument in her *Anders* brief and the Seventh Circuit found that the argument was without merit. Specifically, the Seventh Circuit concluded that Jones was aware of his right to plead not guilty because he originally pleaded not guilty to all charges in the Indictment. *See id.* (citing *United States v. Knox,* 287 F.3d 667, 670 (7th Cir. 2002)). Jones' second argument is equally unavailing because, as discussed above, this Court assumed, *arguendo,* that defense counsel's performance was deficient in analyzing Jones' ineffective assistance of trial counsel claim based on his guilty plea and also concluded that trial counsel's performance was not deficient at sentencing. In short, these new arguments about defense counsel's performance do not change the Court's analysis of Jones' ineffective assistance of trial counsel claims.

Next, Jones' argument that the government did not provide adequate proof of the actual loss under the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(d), is also without merit. In

15

particular, proof of the actual loss is evidence by the attachments to Jones' "Judgment in a Criminal Case," which include a detailed Restitution Spreadsheet and Supplemental Report. (R. 64-1, Judgment, at 6-9.) To clarify, after sentencing, the government provided the probation department with supplemental restitution information after which a United States Probation Officer prepared the Restitution Spreadsheet and Supplemental Report that became part of Jones' judgment. (*Id.* at 7.)

Finally, Jones argues that the court did not conform with federal sentencing procedure and law when – at Jones' change of plea hearing – the court stated: "And you understand that nowadays the guidelines are not mandatory, but they are presumptively – whether a sentence within the guideline range is presumptively a reasonable sentence. My obligation is to impose a reasonable sentence and I have to pay attention to the guidelines, but if there are good reasons why I should sentence outside the guidelines, then I am authorized to do so." (Change Plea Tr., at 7.) Based on this statement, Jones argues that the court erred in presuming Jones' guidelines range was reasonable. *See Nelson v. United States,* 129 S.Ct. 890, 892 (2009) (per curiam) (presumption of reasonableness is an appellate presumption); *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007) (district court may not presume guidelines range is reasonable, court must make fact-based individualized assessment);[3] *see also* Fed.R.Crim.P. 32. First, the court's comment at the change of plea hearing does not establish that it applied a presumption of reasonableness at sentencing as prohibited by *Nelson* in the first instance. The

---

[3] The Court notes that both *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007) and *Rita v. United States,* 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) came out after Jones pleaded guilty on June 20, 2007, but before the court sentenced him on March 6, 2008.

16

court was merely explaining the present status of federal sentencing law to Jones at his change of plea hearing. *See, e.g., United States v. Mendoza,* 510 F.3d 749, 754 (7th Cir. 2007). Second, the court calculated the guidelines range, considered what sentence was appropriate in light of the statutory sentencing factors under 18 U.S.C. § 3553(a), and considered counsels' arguments as to other factors to take into account. The court thus subjected Jones' sentence to the adversarial testing contemplated by federal sentencing procedure and law. *See Nelson,* 129 S.Ct. at 892-93; *Rita v. United States,* 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). As such, the sentencing court did not err as Jones argues.

Last, because these new claims that Jones raised for the first time in his reply do not have merit, they cannot serve as the basis for Jones' ineffective assistance of appellate counsel claim as they are not "clearly stronger" than the claims counsel raised on appeal. *See Suggs,* 513 F.3d at 678. Therefore, Jones' additional claims – brought for the first time in his reply brief – must fail.

## CONCLUSION

For these reasons, the Court denies Petitioner Raymond Jones' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**Dated:** August 24, 2009

                                         **ENTERED**

                                         *[signature]*
                                         **AMY J. ST. EVE**
                                         **United States District Court Judge**